{¶ 1} Appellant, Charles E. Gatchel, appeals from the May 31, 2006 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for operating a vehicle under the influence of alcohol or drugs ("OVI").
 {¶ 2} On December 2, 2005, appellant was indicted by the Lake County Grand Jury on one count of OVI, a felony of the third degree, in violation of R.C. *Page 2 4511.19(A)(1)(a).[1] On December 16, 2005, appellant filed a waiver of the right to be present at his arraignment and the trial court entered a not guilty plea in his behalf.
 {¶ 3} On February 16, 2006, appellant filed a motion to suppress.[2]
Appellee, the state of Ohio, filed a response on March 27, 2006. A suppression hearing commenced on March 30, 2006. Following the hearing, the trial court denied appellant's motion to suppress on April 5, 2006.
 {¶ 4} A change of plea hearing was held on April 13, 2006. Appellant withdrew his former not guilty plea, and entered a written plea of guilty. On April 24, 2006, the trial court accepted appellant's guilty plea, deferred sentencing, and referred the matter to the Adult Probation Department.
 {¶ 5} A sentencing hearing was held on May 25, 2006. Pursuant to its May 31, 2006 judgment entry, the trial court sentenced appellant to five years in prison, ordered him to pay a fine in the amount of $800, and suspended his driver's license for life. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 6} "[1.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum prison term in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 7} "[2.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum prison term in violation of [appellant's] right to due process. *Page 3 
 {¶ 8} "[3.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum prison term based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 9} "[4.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum prison term contrary to the rule of lenity.
 {¶ 10} "[5.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum prison term contrary to the intent of the Ohio legislators."
 {¶ 11} We note that the issues contained in appellant's five assignments of error have recently been addressed by this court inState v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. Thus, based on our decision in Elswick, appellant's assignments of error are without merit.
 {¶ 12} The judgment of the Lake County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] The charges stem from a July 20, 2005 stop.
[2] In his motion, appellant moved the trial court to suppress the following: results of the field sobriety tests; statements taken from or made by him; observations and opinions of the Painesville Police Department; any tangible evidence found on his person or in his vehicle; and his privileged medical information.