OPINION
{¶ 1} Robert Jordan, a.k.a. Robert Fitzgerald Armstrong, appeals from the judgment of the Trumbull County Court of Common Pleas, dismissing, without hearing, his "Petition for Delayed Post-Conviction Relief" for lack of jurisdiction. We affirm.
 {¶ 2} April 17, 1996, the Trumbull County Grand Jury indicted Mr. Jordan on twenty counts: ten for kidnapping, aggravated felonies of the first degree, in violation of *Page 2 
R.C. 2905.01(A)(2); and ten for aggravated robbery, with gun specifications (R.C. 2941.141), aggravated felonies of the first degree, in violation of R.C. 2911.01(A)(1). State v. Jordan (Oct. 15, 1999), 11th Dist. No. 97-T-0088, 1999 Ohio App. LEXIS 4873, at 1. The charges stemmed from an incident occurring April 8, 1996, in which Mr. Jordan and several companions stormed a Ponderosa steakhouse located in Niles, Ohio, taking hostages, and robbing the safe at gunpoint. Id. at 3-6. Jury trial commenced April 7, 1999. Id. at 3; April 18, 1999, the jury returned its verdict, finding Mr. Jordan guilty on five counts of kidnapping, and one count of aggravated robbery. Id. at 8. Mr. Jordan timely appealed his convictions to this court, making six assignments of error. Id. at 9-10. We found these assignments without merit. Id. at 22.
 {¶ 3} June 29, 2006, Mr. Jordan filed his petition for postconviction relief with the trial court. By a judgment entry filed July 13, 2006, the trial court found it was without jurisdiction to entertain the petition, since it was filed outside the one hundred eighty day period mandated by R.C. 2953.21(A)(2), and none of the exceptions to that time limit set forth at R.C. 2953.23 applied. July 28, 2006, Mr. Jordan timely noticed appeal, making three assignments of error:
 {¶ 4} "[1.] The trial court erred in violation of appellant's constitutional, statutory and procedural rights sentencing him to multiple charges without making a legal determination as to allied offenses of similar import.
 {¶ 5} "[2.] Appellant was denied effective assistance of counsel and his right to have counsel of his choosing. *Page 3 
 {¶ 6} "[3.] Trial counsel's failure to object to the judgment of conviction on the kidnapping charges as allied offenses of similar import constitutes ineffective assistance of counsel."
 {¶ 7} R.C. 2953.21, governing petitions for postconviction relief, provides that relief must be sought within one hundred eighty days from the date the trial transcript is filed with the court of appeals, unless one of the exceptions set forth at R.C. 2953.23 is met. R.C.2953.21(A)(2). R.C. 2953.23(A)(1) describes the two-part test most petitioners must meet before this time limit is waived, and the trial court can accept jurisdiction of an untimely appeal.[1] First, the petitioner must show either: (1) that he was unavoidably prevented from timely discovering the facts on which the petition is based; or (2) that the United States Supreme Court has recognized a new, retroactive federal or state right that applies to the petitioner's case. R.C.2953.23(A)(1)(a). If-and only if — the petitioner can leap this first hurdle, does the second arise: i.e., the petitioner must show, by clear and convincing evidence, that, "* * * but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * * [.]" R.C.2953.23(A)(1)(b).
 {¶ 8} In cases such as that instant, where no hearing was held, we review the trial court's decision to grant or deny a petition for postconviction relief de novo. State v. Cottrill, 4th Dist. No. 06CA20,2006-Ohio-6943, at ¶ 11.
 {¶ 9} Under his first assignment of error, Mr. Jordan contends the trial court, at the time of trial, was required to make a determination, pursuant to R.C. 2941.25, *Page 4 
whether the crimes with which he was charged and convicted were allied offenses of similar import. R.C. 2941.25(A) provides that a defendant may only be convicted of one such offense, even if charged with several. Mr. Jordan contends that any kidnapping which occurred as a result of his assault on the Niles Ponderosa was incidental to the aggravated robbery, and thus, qualifies as an allied offense of similar import.
 {¶ 10} This argument fails to meet the first prong of the R.C.2953.23(A)(1)(a) test for untimely petitions. Mr. Jordan fails to mention any retroactive right newly-recognized by the United States Supreme Court. He does not inform us how he was unavoidably prevented from discovering the fact that the trial court, following his 1997 trial, allegedly sentenced him to allied offenses of similar import. Factually, it is untrue that the trial court did not hold a hearing regarding merger: defense counsel moved the trial court to merge, the state opposed, and the trial court considered the issue at Mr. Jordan's sentencing hearing. Further, since this was a matter which Mr. Jordan could have raised on direct appeal, it is res judicata, and barred from consideration by way of a petition for postconviction relief. State v.Perry (1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus.
 {¶ 11} The first assignment of error is without merit.
 {¶ 12} Mr. Jordan raises two issues under his second assignment of error. First, he notes that retained counsel for his 1997 trial withdrew due to a conflict between himself and Mr. Jordan, but then, was appointed by the court to represent Mr. Jordan. Second, he recounts certain disciplinary and legal problems encountered by the wife of his principal trial counsel, also then an attorney, who acted as co-counsel for his defense. He states that she was fired by the Trumbull County public defender in 1994 *Page 5 
and 2004; investigated by the disciplinary counsel in January 1995; and not "exonerated" by the Ohio Supreme Court until 1998. Mr. Jordan contends that these issues establish he was denied counsel of his choice, and received ineffective assistance of counsel.
 {¶ 13} That the trial court, at his 1997 trial, appointed as Mr. Jordan's counsel an attorney who had previously withdrawn from the representation establishes, itself, that the matter is untimely raised. Mr. Jordan was certainly aware, in 1997, of who his counsel was. And Mr. Jordan fails to inform us of how the ethical and legal problems of his co-counsel affected her representation of him. He fails to show why he could not have raised these improprieties earlier, as on direct appeal. Most of the complaints he sets forth in his brief occurred prior to 1999, when his appeal was decided by this court. Consequently, Mr. Jordan once again fails to satisfy the first prong of the R.C.2953.23(A)(1) test; and, the matters are barred by res judicata.Perry, at paragraphs eight and nine of the syllabus.
 {¶ 14} The second assignment of error is without merit.
 {¶ 15} Under his third assignment of error, Mr. Jordan contends he was denied effective assistance of counsel, due to trial counsels' failure to raise the issue of allied offenses of similar import. The analysis applicable to the first assignment of error is dispositive: the contention is factually untrue, and the matter is untimely raised, since Mr. Jordan makes no showing why this argument required eight years of cogitation to formulate. See, e.g., R.C. 2953.23(A)(1)(a). Also, since it could have been raised on direct appeal, res judicata bars its consideration now. Perry, at paragraphs eight and *Page 6 
nine of the syllabus.
 {¶ 16} The third assignment of error is without merit.
 {¶ 17} The judgment of the Trumbull County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, J., DIANE V. GRENDELL, J., concur.
[1] R.C. 2953.23(A)(2) concerns cases dependent on DNA evidence, and is irrelevant to this appeal. *Page 1