OPINION
{¶ 1} Appellant, Charles E. Gatchel, appeals from the February 5, 2007 judgment entry of the Lake County Court of Common Pleas, denying his petition for postconviction relief.
 {¶ 2} On December 2, 2005, appellant was indicted by the Lake County Grand Jury on one count of operating a vehicle under the influence of alcohol or drugs ("OVI"), a felony of the third degree, in violation of R.C. 4511.19(A)(1)(a).[1] On December 16, *Page 2 
2005, appellant filed a waiver of the right to be present at his arraignment and the trial court entered a not guilty plea on his behalf.
 {¶ 3} On February 16, 2006, appellant filed a motion to suppress. Appellee, the state of Ohio, filed a response on March 27, 2006. A suppression hearing commenced on March 30, 2006. Following the hearing, the trial court denied appellant's motion to suppress on April 5, 2006.
 {¶ 4} A change of plea hearing commenced on April 13, 2006. Appellant withdrew his former not guilty plea, and entered a written plea of guilty. On April 24, 2006, the trial court accepted appellant's guilty plea, deferred sentencing, and referred the matter to the Adult Probation Department.
 {¶ 5} A sentencing hearing was held on May 25, 2006. Pursuant to its May 31, 2006 judgment entry, the trial court sentenced appellant to five years in prison, ordered him to pay a fine in the amount of $800, and suspended his driver's license for life. It is from that judgment that appellant filed his first appeal, Case No. 2006-L-125, in which he asserted the following assignments of error:
 {¶ 6} "[1.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum prison term in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 7} "[2.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum prison term in violation of [appellant's] right to due process.
 {¶ 8} "[3.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum prison term based on the Ohio Supreme Court's severance of the offending *Page 3 
provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 9} "[4.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum prison term contrary to the rule of lenity.
 {¶ 10} "[5.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum prison term contrary to the intent of the Ohio legislators."
 {¶ 11} This court affirmed the judgment of the trial court on the basis of State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011.State v. Gatchel, 11th Dist. No. 2006-L-125, 2007-Ohio-1075.
 {¶ 12} After appellant filed his brief in his direct appeal but before this court released our decision, he filed a pro se petition for postconviction relief pursuant to R.C. 2953.21 on November 7, 2006. Appellee filed a response on January 31, 2007.
 {¶ 13} Pursuant to its February 5, 2007 judgment entry, the trial court denied appellant's petition for postconviction relief without a hearing. It is from that judgment that appellant filed the instant appeal, asserting the following five assignments of error for our review:
 {¶ 14} "[1.] The trial court committed reversible error by summarily dismissing appellant's claim for post-conviction relief asserting ineffective assistance of counsel without granting an evidentiary hearing as required by R.C. 2953.21(E).
 {¶ 15} "[2.] The trial court erred in accepting appellant's guilty plea where the court knew or should have known that appellant was under the influence of a synthetic form of heroin in violation of due process right and his 6th and 14th Amendment of the United States Constitution. *Page 4 
 {¶ 16} "[3.] The trial court deprived appellant, Gatchel of his constitutional rights to fair proceeding where: 1) the court denied his request for medical expert, an addictionologist 2) revoked his bond and placed him in county jail for being under the influence of drugs during plea hearing.
 {¶ 17} "[4.] Appellant was constructively denied assistance of counsel when counsel failed to subject the state's case in adversarial testing in violation of his 6th and 14th Amendment rights under the United States Constitution.
 {¶ 18} "[5.] Appellant's due process rights were denied: 1) appellant was without the understanding of the proceedings and nature of the charges against him because of impaired mental capacity before entering a guilty plea. 2) Appellant was leveraged into a plea agreement of 18 months, but was given a definite term of 5 years contrary to the agreement. Trial court violated 18 month term agreement by failing to inform appellant prior to accepting plea that the court was not going to honor the agreement."
 {¶ 19} Initially, with respect to appellant's contention in his first assignment of error that the trial court erred by denying his petition for postconviction relief without a hearing, we note the following:
 {¶ 20} R.C. 2953.21 provides in part:
 {¶ 21} "(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * * *Page 5 
 {¶ 22} "* * *
 {¶ 23} "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. * * *
 {¶ 24} "* * *
 {¶ 25} "(G) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition. * * *"
 {¶ 26} The foregoing statute "`does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required.'" State v. Scheidel, 11th Dist. No. 2004-A-0055, 2006-Ohio-198, at ¶ 11, quoting State v. Jackson (1980),64 Ohio St.2d 107, 110. In cases where no hearing was held, an appellate court reviews the trial court's decision to grant or deny a petition for postconviction relief de novo. See State v. Jordan, 11th Dist. No. 2006-T-0087, 2007-Ohio-1067, at ¶ 8.
 {¶ 27} "`Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that wasraised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.'" (Emphasis in original). State v. Szefcyk (1996),77 Ohio St.3d 93, 95, quoting State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. *Page 6 
 {¶ 28} "For a defendant to avoid dismissal of the petition by res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court's record, and it must not be evidence that existed or was available for use at the time of trial. * * * To overcome the res judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon the information in the original record.'" State v. Adams, 11th Dist. No. 2003-T-0064,2005-Ohio-348, at ¶ 39, quoting State v. Lawson (1995),103 Ohio App.3d 307, 315.
 {¶ 29} The trial court stated the following in its February 5, 2007 judgment entry:
 {¶ 30} "The court has considered the defendant's petition to vacate or set aside judgment of conviction or sentence * * * [and] has considered all the files and records pertaining to the proceedings against the petitioner, including but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript.
 {¶ 31} "* * *
 {¶ 32} "`Under the doctrine of res judicata, constitutional issues cannot be considered in postconviction proceedings brought pursuant to R.C. 2953.21 where they have already or could have been fully litigated by the defendant, either before his judgment of conviction or on direct appeal from that judgment. Issues properly raised in a petition for postconviction relief are those which could not have been raised on direct appeal because the evidence supporting such issues is outside the record. If an issue has, or should have been, raised on direct appeal, the trial court may dismiss the *Page 7 
petition on the basis of res judicata.' State v. Stedman (Jun. 24, 2004), [8th Dist.] No. 83531, 2004-Ohio-3298. The defendant's claims could be raised on appeal.
 {¶ 33} "`(A) petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises.' State v. Kapper (1983), 5 Ohio St.3d 36, 38. The defendant was specifically advised that the court was not obligated to follow the sentence recommended as part of his plea agreement. * * * Further, the record reflects that the defendant was not under the influence of drugs or alcohol, * * * and that he understood the proceedings, the rights he was waiving, and that he was voluntarily changing his plea to guilty. * * * The record indicates that the defendant is not entitled to relief and the defendant has not presented the court with any admissible evidence in support of his claims.
 {¶ 34} "For these reasons, the court finds that the defendant has not alleged any substantive grounds for relief. Accordingly, the defendant's petition is not well-taken and is hereby dismissed."
 {¶ 35} If appellant is to overcome the overruling of his motion based on res judicata, he must adduce evidence outside the record that demonstrates that he could not have appealed the constitutional claims based upon information already in the record. Here, appellant points to nothing outside the record that would entitle him to relief under R.C.2953.21. Thus, we conclude that the trial court correctly denied appellant's petition for postconviction relief without a hearing. Since the remainder of *Page 8 
the issues contained in appellant's five assignments of error could have been raised on direct appeal, res judicata bars their consideration now. See Jordan, supra, at ¶ 15.
 {¶ 36} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur.
[1] The charge stems from a July 20, 2005 stop. *Page 1