OPINION
{¶ 1} Appellant, Charles E. Gatchel, appeals from the May 31, 2007 judgment entry of the Lake County Court of Common Pleas, denying his motion to withdraw his guilty plea.
 {¶ 2} On December 2, 2005, appellant was indicted by the Lake County Grand Jury on one count of operating a vehicle under the influence of alcohol or drugs ("OVI"), *Page 2 
a felony of the third degree, in violation of R.C. 4511.19(A)(1)(a).[1] On December 16, 2005, appellant filed a waiver of the right to be present at his arraignment and the trial court entered a not guilty plea on his behalf.
 {¶ 3} On February 16, 2006, appellant filed a motion to suppress. Appellee, the state of Ohio, filed a response on March 27, 2006. A suppression hearing commenced on March 30, 2006. Following the hearing, the trial court denied appellant's motion to suppress on April 5, 2006.
 {¶ 4} A change of plea hearing commenced on April 13, 2006. Appellant withdrew his former not guilty plea, and entered a written plea of guilty. On April 24, 2006, the trial court accepted appellant's guilty plea, deferred sentencing, and referred the matter to the Adult Probation Department.
 {¶ 5} A sentencing hearing was held on May 25, 2006. Pursuant to its May 31, 2006 judgment entry, the trial court sentenced appellant to five years in prison, ordered him to pay a fine in the amount of $800, and suspended his driver's license for life. It is from that judgment that appellant filed his first appeal, Case No. 2006-L-125.
 {¶ 6} On March 9, 2007, this court affirmed the judgment of the trial court on the basis of State v. Elswick, 11th Dist. No. 2006-L-075,2006-Ohio-7011. State v. Gatchel, 11th Dist. No. 2006-L-125,2007-Ohio-1075.
 {¶ 7} After appellant filed his brief in his direct appeal but before this court released our decision, he filed a pro se petition for postconviction relief pursuant to R.C. 2953.21 on November 7, 2006. Appellee filed a response on January 31, 2007. *Page 3 
 {¶ 8} Pursuant to its February 5, 2007 judgment entry, the trial court denied appellant's petition for postconviction relief without a hearing. It is from that judgment that appellant filed his second appeal, Case No. 2007-L-036.
 {¶ 9} On March 7, 2008, this court affirmed the judgment of the trial court. State v. Gatchel, 11th Dist. No. 2007-L-036, 2008-Ohio-1029. We held that appellant pointed to nothing outside the record that would entitle him to relief under R.C. 2953.21. Id. at ¶ 35. This court concluded that the trial court properly denied appellant's postconviction relief without a hearing. Id. We also determined that appellant's remaining issues could have been raised on direct appeal and that res judicata barred their consideration. Id.
 {¶ 10} During the pendency of appellant's second appeal, he filed a motion to withdraw his guilty plea on May 7, 2007. Appellee filed a response on May 14, 2007.
 {¶ 11} Pursuant to its May 31, 2007 judgment entry, the trial court denied appellant's motion to withdraw his guilty plea. On December 4, 2007, appellant filed a motion with this court for leave to file a delayed appeal, which we granted on March 3, 2008. It is from the foregoing May 31, 2007 judgment entry that appellant asserts the following six issues for our review:[2]
 {¶ 12} "[1.] Whether trial court, (sic) erred in desmissing (sic) appelants (sic) motion to dismiss charges and motion to withdraw his guilty plea on the dround (sic) of res judicata, (sic) denied him due process and equal protection.
 {¶ 13} "[2.] Whether indictment which uses a prior uncounseled (sic) misdemeanor conviction can be used to enhance charges to high level felony vilates (sic) defendant's due process and equal protection rights. *Page 4 
 {¶ 14} "[3.] Whether the charging instrument lack (sic) adequate articulation of the essential elements of offense charged based on reliance on the prior conviction.
 {¶ 15} "[4.] Whether the charging instumnet (sic) is a product of double jeopardy in violation of the 5th, 6th, and 14th Amendment (sic) to the United States Constitution.
 {¶ 16} "[5.] Whether appellant was denied effective assistance of counsel in vilation (sic) of the Sixth Amendment when counsel failed to conduct pretial (sic) invistigative (sic) discovery before permitting appellant to enter a guilty plea.
 {¶ 17} "[6.] Appellant Gatchel was under a diminished mental capacity derived from drug intake when cajoled to enter a guilty plea in violation of due process."
 {¶ 18} In his first issue, appellant argues that the trial court erred by denying his motion to withdraw his guilty plea on the grounds of res judicata, thereby denying him due process and equal protection.
 {¶ 19} Crim. R. 32.1 states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 20} "An appellate court will review the trial court's determination of the Crim. R. 32.1 motion for an abuse of discretion." State v.Desellems (Feb. 12, 1999), 11th Dist. No. 98-L-053, 1999 Ohio App. LEXIS 458, at 8, citing State v. Blatnik (1984), 17 Ohio App.3d 201, 202. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Desellems, supra, at 8, citing State v.Montgomery (1991), 61 Ohio St.3d 410, 413. Regarding this standard, we recall the term "abuse of discretion" is one *Page 5 
of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. State v. Ferranto (1925),112 Ohio St. 667, 676-678.
 {¶ 21} "Pursuant to Crim. R. 32.1, to withdraw a guilty plea after the imposition of sentence, a defendant bears the burden of proving that such a withdrawal is necessary to correct a manifest injustice."State v. Taylor, 11th Dist. No. 2002-L-005, 2003-Ohio-6670, at ¶ 8, citing State v. Smith (1977), 49 Ohio St.2d 261, at paragraph one of the syllabus. "A manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea." Taylor at ¶ 8, citingState v. Talanca (Dec. 23, 1999), 11th Dist. No. 98-T-0158,1999 WL 1313669, at 2-3.
 {¶ 22} In the case at bar, appellant's various claims that he raised in support of his post-sentence motion to withdraw his guilty plea were known to him at the time he pursued his direct appeal. Because appellant could have raised them at that time, he cannot now raise them in a post-sentence motion to withdraw his guilty plea.
 {¶ 23} "`Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that wasraised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.'" (Emphasis in original). State v. Szefcyk (1996),77 Ohio St.3d 93, 95, quoting State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 24} Here, appellant has had prior opportunities to challenge the claims he raises, and provides no explanation as to why the application of res judicata is unjust. We conclude that appellant has failed to satisfy his burden of proving the existence of a *Page 6 
manifest injustice. Appellant has not demonstrated that the trial court abused its discretion in denying his Crim. R. 32.1 motion.
 {¶ 25} Appellant's first issue is without merit.
 {¶ 26} Appellant's remaining five issues are reiterations of claims he raised in his post-sentence motion to withdraw his guilty plea. Thus, they are barred by res judicata since he could have raised them on direct appeal. See Perry, supra, at paragraph nine of the syllabus; see, also, State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 18
(holding "res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard.")
 {¶ 27} Appellant's second, third, fourth, fifth, and sixth issues are without merit.
 {¶ 28} For the foregoing reasons, appellant's issues are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed. It is the further order of this court that costs are waived since appellant appears from the record to be indigent. The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J.,
TIMOTHY P. CANNON, J., concur.
[1] The charge stems from a July 20, 2005 stop.
[2] In his pro se appellate brief, appellant does not specify an assignment of error, but rather raises six issues. *Page 1