OPINION
{¶ 1} Eric Lee Porterfield appeals from the judgment of the Trumbull County Court of Common Pleas, denying his motion to withdraw a plea of guilty. We affirm.
 {¶ 2} June 23, 2000, Mr. Porterfield and two cohorts attacked the residence of Dave Harper, intending to rob him of money and drugs.State v. Porterfield, 11th Dist. No. 2002-T-0045, 2004-Ohio-520, at ¶ 2 ("Porterfield I"). In the course of the robbery, Mr. Harper was seriously injured by three gunshots, while Chuck Mathey and Gary Bell *Page 2 
were killed. Id. at ¶ 3. Mr. Porterfield was eventually arrested, and indicted. Id. at ¶ 4. The charges against him included two counts of aggravated murder, with aggravating circumstances and firearm specifications; one count of attempted aggravated murder with a firearm specification; two counts of kidnapping with firearm specifications; one count of aggravated burglary with a firearm specification; and, one count of aggravated robbery with a firearm specification. Id.
 {¶ 3} Mr. Porterfield entered a plea deal with the state, whereby he would plead guilty to an amended indictment. Porterfield I at ¶ 5. The trial court accepted his plea, but prior to sentencing, Mr. Porterfield moved, pro se, to withdraw the plea. Id. The trial court granted his motion, and reinstated the original indictment. Id.
 {¶ 4} New counsel was appointed for Mr. Porterfield.Porterfield I at ¶ 6. Mr. Porterfield waived a jury; and, a three judge panel was assembled to hear the case. Id. Following one day of trial, on October 26, 2001, Mr. Porterfield entered another plea deal with the state. Cf. id. He pleaded guilty to an amended indictment, which eliminated the aggravating circumstances contained in the aggravated murder counts against him. Id. Thereafter, the trial court sentenced Mr. Porterfield to terms of imprisonment totaling fifty-three years to life. Cf. id. at ¶ 7. It further imposed court costs.
 {¶ 5} Mr. Porterfield again moved to withdraw his guilty plea, and petitioned the trial court to vacate or set aside his conviction or sentence. Porterfield I at ¶ 8. The trial court denied these motions. Id. Acting pro se, Mr. Porterfield noticed appeal to this court, which appeal was dismissed as untimely. Id. Thereafter, appellate counsel was appointed, and this court accepted the delayed appeal resulting in our decision in *Page 3 Porterfield I. Id. In that appeal, Mr. Porterfield challenged, fundamentally, whether his plea hearing comported with the mandates of Crim. R. 11. Cf. Porterfield I at ¶ 9-16. This court found no error by the trial court in accepting Mr. Porterfield's guilty plea. Id. at ¶ 78. However, we reversed and remanded for resentencing, finding that the trial court had failed to comply with the prerequisites of R.C. 2929.14(E) in sentencing Mr. Porterfield to consecutive sentences.Porterfield I at ¶ 64-78.
 {¶ 6} This court granted a motion to certify, and in State v.Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25, the Supreme Court of Ohio reinstated the sentence imposed by the trial court, finding that this court was without power to review the sentence in question, pursuant to R.C. 2953.08(D).
 {¶ 7} Mr. Porterfield has continued to dispute his conviction and sentence in various motions addressed to the trial court. On this appeal from the trial court's denial of his motion to withdraw, he assigns three errors:
 {¶ 8} "[1.] The court (trial) erred by accepting appellant's guilty plea, by not sentencing the appellant accordingly (sic) to R.C. § 2945.06, 2929.04(A)(5)(7) (sic), 2903.01(B), 2941.14(C), Rules Crim.Proc. (sic), Rule 11(C)(B) (sic)[.]
 {¶ 9} "[2.] The trial court erred by accepting appellant's guilty plea, without affording the defendant a preliminary hearing O.R.C. § 2945.73(A), 2945.71(C)(1). Crim. R. 5(B)[.]
 {¶ 10} "[3.] The trial court erred by accepting appellant's guilty plea, due to ineffective assistance of counsel. R.C. 2947.23(A)(1),2949.092[.]"
 {¶ 11} "Crim. R. 32.1 states: `(a) motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the *Page 4 
court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.'
 {¶ 12} "`An appellate court will review the trial court's determination of the Crim. R. 32.1 motion for an abuse of discretion.'State v. Desellems (Feb. 12, 1999), 11th Dist. No. 98-L-053, 1999 Ohio App. LEXIS 458, at 8, citing State v. Blatnik (1984),17 Ohio App.3d 201, 202, * * *. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' Desellems, supra, at 8, citing State v. Montgomery (1991), 61 Ohio St.3d 410, 413, * * *. Regarding this standard, we recall the term `abuse of discretion' is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. State v. Ferranto (1925),112 Ohio St. 667, 676-678, * * *.
 {¶ 13} "`Pursuant to Crim. R. 32.1, to withdraw a guilty plea after the imposition of sentence, a defendant bears the burden of proving that such a withdrawal is necessary to correct a manifest injustice.'State v. Taylor, 11th Dist. No. 2002-L-005, 2003-Ohio-6670, at ¶ 8, citing State v. Smith (1977), 49 Ohio St.2d 261, * * *, at paragraph one of the syllabus. `A manifest injustice is determined by examining the totality of the circumstances surrounding the guilty plea.'Taylor at ¶ 8, citing State v. Talanca (Dec. 23, 1999), 11th Dist. No. 98-T-0158, 1999 Ohio App. LEXIS 6257, * * *." State v. Gatchel, 11th Dist. No. 2007-L-212, 2008-Ohio-4667, at ¶ 19-21. (Parallel citations omitted.)
 {¶ 14} Under his first assignment of error, Mr. Porterfield argues that he was entitled to have his guilty plea accepted, and his sentence determined, by a three judge panel. He cites to R.C. 2945.06, governing instances where an accused has waived a *Page 5 
jury trial, and which provides, in relevant part: "If the accused is charged with an offense punishable by death, he shall be tried by a court composed of three judges, * * * [.]" He further relies on Crim. R. 11(C)(3), which provides, in relevant part:
 {¶ 15} "If the indictment contains one or more specifications that are not dismissed upon acceptance of a plea of guilty or no contest to the charge, or if pleas of guilty or no contest to both the charge and one or more specifications are accepted, a court composed of three judges shall: (a) determine whether the offense was aggravated murder or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or (c) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly."
 {¶ 16} The state counters that Mr. Porterfield was required to address this issue on his direct appeal, and, having failed to do so, is now barred by res judicata from raising it. The state further argues that the assigned error is substantively meritless, since Mr. Porterfield pleaded guilty to an amended indictment, from which the aggravating circumstances, potentially subjecting him to the death penalty, had been removed.
 {¶ 17} The state is correct on both points.
 {¶ 18} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that wasraised or could have been raised by the defendant at the trial, *Page 6 
which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, at paragraph nine of the syllabus. (Emphasis sic.)
 {¶ 19} In this case, it was obvious at the time Mr. Porterfield entered his plea of guilty, that the plea was accepted, and sentencing imposed, by a single judge of common pleas. Consequently, any failure to abide by R.C. 2945.06, or Crim. R. 11(C)(3), had to be raised on direct appeal, and the issue is barred by res judicata. Further, the Supreme Court of Ohio has specifically held that failure to comply with the three judge requirement of R.C. 2945.06 is a matter which can only be raised on direct appeal — not by way of a collateral attack. See, e.g.,State ex rel. Rash v. Jackson, 102 Ohio St.3d 145, 2004-Ohio-2053, at ¶ 9.
 {¶ 20} The state is also correct in its contention that the three judge panel requirements of R.C. 2945.06 and Crim. R. 11(C)(3) were simply inapplicable to Mr. Porterfield's plea and sentencing hearings, since the amended indictment contained no circumstances or specifications subjecting him to the death penalty.
 {¶ 21} The first assignment of error lacks merit.
 {¶ 22} By his second assignment of error, Mr. Porterfield contends he was entitled to a preliminary hearing pursuant to R.C. 2945.73(A), which never occurred in his case. The state counters by citing to the opinion of the Tenth Appellate District in State v. Azcuy (May 26, 1994), 10th Dist. No. 88AP-529, 1994 Ohio App. LEXIS 2303, at 4, which states:
 {¶ 23} "Neither Ohio law nor the Ohio Constitution require a preliminary hearing nor confer a right upon an accused to a preliminary hearing when he has been indicted *Page 7 
by the Grand Jury. Rather, the preliminary hearing is for the purpose of determining whether there is sufficient evidence to constitute probable cause that the crime has been committed so as to permit the matter to be submitted to a Grand Jury, commonly called `bindover' to the Grand Jury. Since the Grand Jury returned the indictment, the preliminary hearing became superfluous."
 {¶ 24} Similarly, in this case, Mr. Porterfield was indicted by the Trumbull County Grand Jury. Consequently, any preliminary hearing would have been superfluous. Further, this alleged error could, and should, have been raised by way of direct appeal, and is barred by res judicata.Perry, supra, at paragraph nine of the syllabus.
 {¶ 25} The second assignment of error lacks merit.
 {¶ 26} Under his third assignment of error, Mr. Porterfield contends his trial counsel were ineffective, for failing to obtain a waiver of court costs. Evidently, no affidavit of indigency was filed on his behalf until after sentencing.
 {¶ 27} In evaluating ineffective assistance of counsel claims, Ohio appellate courts apply the two part test enunciated by the U.S. Supreme Court in Strickland v. Washington (1984), 466 U.S. 668. Cf. In reRoque, 11th Dist. No. 2005-T-0138, 2006-Ohio-7007, at ¶ 11. First, it must be determined that counsel's performance fell below an objective standard of reasonableness. Id. Second, it must be shown that prejudice resulted. Id. In the context of a guilty plea, prejudice exists if the ineffective assistance caused the plea to be involuntary. State v.Wotring, 11th Dist. No. 99-L-114, 2003-Ohio-326, at ¶ 22. Appellate courts must always recall properly-licensed counsel is presumed competent; and, that trial counsel is afforded strong deference regarding strategy. Roque at ¶ 11. *Page 8 
 {¶ 28} As the state correctly notes, this assignment of error, like the others, is barred by res judicata: a trial court's decision to impose court costs may only be contested on direct appeal. State ex rel.Biros v. Logan, 11th Dist. No. 2003-T-0016, 2003-Ohio-5425, at ¶ 9.
 {¶ 29} The third assignment of error lacks merit.
 {¶ 30} The judgment of the Trumbull County Court of Common Pleas is affirmed. It is the further order of this court that costs are waived since appellant appears from the record to be indigent. The court finds that there were reasonable grounds for this appeal.
 DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concurs. *Page 1