[Cite as *State v. Zeigler*, 2026-Ohio-604.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-T-0050 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| JACK RYAN ZEIGLER, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00672 |

## OPINION AND JUDGMENT ENTRY

Decided: February 23, 2026
Judgment: Affirmed

*Dennis Watkins,* Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosector, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Jack Ryan Zeigler*, pro se, PID# A804-824, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Road, Marion, OH 43302 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Jack Zeigler, appeals the July 1, 2025 judgment of the Trumbull County Court of Common Pleas denying Appellant's postconviction Motion for Re-Sentencing Pursuant to S.B. 2. The trial court denied the motion because it raised issues that Appellant could have raised in his direct appeal. Appellant now appeals raising five assignments of error.

{¶2} After review of the record and the applicable caselaw, we find Appellant's assignments of error are without merit because his Motion for Re-Sentencing raises issues that could have been raised in his direct appeal and which are res judicata.

{¶3}     Therefore, we affirm the judgment of the Trumbull County Court of Common Pleas.

## Substantive and Procedural History

{¶4}     Appellant previously filed a direct appeal wherein he argued that his intellectual disability rendered him incompetent to stand trial. Appellant was represented by counsel in his appeal. Appellant pled guilty to three counts of Rape, first-degree felonies in violation of R.C 2907.02(A)(1)(b) and (B); two counts of Unlawful Sexual Conduct with a Minor, fourth-degree felonies in violation of R.C 2907.04(A) and (B)(1); one count of Gross Sexual Imposition, a third-degree felony in violation of R.C 2907.05(B) and (C)(2); and one count of Compelling Prostitution, a third-degree felony in violation of R.C 2907.21(A)(3)(a). *State v. Zeigler*, 2024-Ohio-2953, ¶ 9 (11th Dist.). "The court sentenced Appellant to an aggregate prison term of ten years to life in prison." *Id.* at ¶ 11. On appeal, we found that Appellant's arguments were without merit and affirmed the judgment of the trial court. *Id.* at ¶ 23-25.

{¶5}     On June 16, 2025, Appellant filed a Motion for Re-Sentencing Pursuant to S.B. 2 in the Trumbull County Court of Common Pleas. He argued: (1) that his sentence was void; (2) the State had engaged in prosecutorial misconduct; (3) ineffective assistance of counsel; (4) that that the trial judge should have recused himself; (6) that he was subjected to civil rights violations; and (7) that his mental condition was not appropriately considered. The State did not respond in opposition.

{¶6}     On July 1, 2025, the trial court denied Appellant's motion, finding "that the errors alleged by [Appellant] could have and should have been raised during his appeal. As such, the Motion for Re-Sentencing is not well-taken and the same is hereby DENIED."

Case No. 2025-T-0050

{¶7} On July 30, 2025, Appellant filed a Motion for Extension of Time. He stated that he had not timely received the trial court's denial of his Motion for Re-Sentencing.

{¶8} On August 4, 2025, the trial court granted Appellant's Motion for Extension of Time. The trial court construed the Motion as a motion to extend the time in which to appeal. The trial court determined that the Clerk of Court had mailed a copy of the trial court's July 1, 2025 Judgment Entry to Appellant's prior appellate counsel. However, as Appellant "is now unrepresented, the Clerk of Court shall send a copy of the Court's July 1, 2025 Judgment Entry . . . by ordinary mail . . . ."

{¶9} On August 13, 2025, Appellant filed a Notice of Appeal raising five assignments of error.

## Assignments of Error and Analysis

{¶10} Appellant's first assignment of error states: "THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE. WHEN THE COURT FAIL TO ACKNOWLEDGE THE PROSECUTOR'S MOTION FOR RE-SENTENCE PURSUANT TO S.B. 2 IN CASE NO. CR 350703 ATTACHED WITH THE ORIGINAL FILING IN VIOLATION OF DR 1-102(A)(4) AND OHIO RULE OF PROFESSIONAL CONDUCT RULE 1.1"

{¶11} Appellant's second assignment of error states: "THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE. WHEN THE COURT FAIL TO ACKNOWLEDGE THE COURT OF APPEAL'S DECISION IN CASE NO. 87225 ATTACHED WITH THE ORIGINAL FILING IN VIOLATION OF DR 7-106(A) AND OHIO RULE OF PROFESSIONAL CONDUCT RULE 2.2."

Case No. 2025-T-0050

{¶12} Appellant's third assignment of error states: THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE. WHEN THE COURT ACTED SOLO AS THE JUDGE, THE PROSECUTOR AND THE JURY IN MAKING HIS OWN DECISION IN VIOLATION OF DR 7-106(A) AND OHIO RULE OF PROFESSIONAL CONDUCT CANON 2, 2.2 AND 2.3."

{¶13} Appellant's fourth assignment of error states: "THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE. WHEN THE COURT FAILED TO ADDRESS THE ACCUSSED UNCONSTITIONAL SENTENCE, A VOID STATUTE OR ACCUSED RIGHTS TO A JURY TRIAL PURUSUANT TO RULE 11(b)(1)(c), IN VIOLATION OF DR 1-102(A)(6) AND OHIO RULE OF PROFESSIONAL CONDUCT RULE 2.5, 2.6 AND 2.7."

{¶14} Appellant's fifth assignment of error states: "THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE. WHEN THE COURT FAIL TO ACKNOWLEDGE ACCUSED PROPOSED ORDER AND THE FACTS THAT THE MENTAL FACILITY NEVER TREATED OR DISCUSSED ACCUSED ABILITY TO ASSIST DURING COURT PROCEEDING IN VIOLATION OF OHIO'S RULES OF PROFESSIONAL CONDUCT RULES 2.3, 2.4, 2.5, 2.6, 2.7 AND 18 USCS §241, §242 AND §2076 CONCERNING THE CLERKS OF COURT'S STAFF."

{¶15} Each of Appellant's assignments of error relates to a claim of misconduct against the trial court, citing either the Ohio Rules of Professional Conduct or the now superseded Code of Professional Responsibility. However, the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio has exclusive jurisdiction over the alleged misconduct of judges. Gov.Bar R. V(2)(A). Therefore, we must disregard

any portion of Appellant's assignments of error relating to alleged misconduct on the part of the trial court.

{¶16}   Moving to the substance of Appellant's arguments, the State argues that we should re-cast Appellant's Motion for Re-Sentencing as a petition for postconviction relief, although the trial court did not re-cast the motion in the first instance.

{¶17}   A court "may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 2008-Ohio-545, ¶ 12. Under Crim.R. 57(B), "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Crim.R. 35 sets forth the procedure by which criminal defendants can file postconviction relief petitions.

{¶18}   An irregular motion may meet the definition of a petition for postconviction relief where the motion is "'(1) filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence.'" *Schlee* at ¶ 12, quoting *State v. Reynolds*, 1997-Ohio-304, ¶ 14. "The threshold issue is whether the motion is an 'irregular motion.' When a motion is irregular, a court may recast it. However, where the motion is in conformity with the applicable rules of procedure, there is no need to recast it." *State v. Hill*, 2023-Ohio-4486, ¶ 49 (11th Dist.).

{¶19}   As noted above, the trial court did not affirmatively re-cast Appellant's Motion for Re-Sentencing. However, a motion for re-sentencing filed after a direct appeal

Case No. 2025-T-0050

is effectively a petition for post-conviction relief. *See State v. Robinson*, 2020-Ohio-3535, ¶ 15 (9th Dist.); *State v. Talanca*, 1999 WL 1313669, *1 (11th Dist. Dec. 23, 1999).

{¶20} Therefore, we will re-cast Appellant's Motion for Re-Sentencing and consider the trial court's denial of his Motion under the standard set forth for petitions for postconviction relief.

{¶21} R.C. 2953.21, Ohio's postconviction relief statute, provides in pertinent part:

(A)(1)(a) . . . (i) Any person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief[.]

. . .

(b) A petitioner under division (A)(1)(a) of this section may file a supporting affidavit and other documentary evidence in support of the claim for relief.

. . .

(D) . . . Before granting a hearing on a petition filed under division (A)(1)(a)(i) . . . of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner . . . . If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

. . .

(F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.

. . .

Case No. 2025-T-0050

(H) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition.

{¶22} "The petitioner bears the burden to show via affidavits, the record, and other supporting materials that sufficient operative facts exist which, if true, would establish substantive grounds for postconviction relief." *State v. Hull*, 2020-Ohio-2895, ¶ 11 (11th Dist.); R.C. 2953.21(D). A petitioner seeking to challenge a conviction through a petition for postconviction relief "is not automatically entitled to a hearing." *State v. Calhoun*, 1999-Ohio-102, ¶ 13. A trial court may deny a petition for postconviction relief without an evidentiary hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Id.* at ¶ 42.

{¶23} If the court dismisses a petition for postconviction relief, R.C. 2953.21 mandates that it must issue findings of fact and conclusions of law. *Calhoun* at ¶ 44. Findings are required "'to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate court to properly determine appeals in such a cause.'" *Id.*, quoting *Jones v. State*, 8 Ohio St.2d 21, 22 (1966).

{¶24} However, the trial court need not discuss every issue raised or "engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law." *Id.* at ¶ 45. A trial court "issues proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence." *Id.* at ¶ 46.

Case No. 2025-T-0050

{¶25} We review a trial court's denial of a postconviction petition for an abuse of discretion. *State v. Gondor*, 2006-Ohio 6679, ¶ 45. The trial court serves a gatekeeping function in the postconviction relief process and is "entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted." *Id*. at ¶ 52.

{¶26} An abuse of discretion may be found when the trial court "'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *In re L.L.S.*, 2017-Ohio-7450, ¶ 20 (11th Dist.), quoting *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error. . . . By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *State v. Raia*, 2014-Ohio-2707, ¶ 9 (11th Dist.), quoting *State v. Beechler*, 2010-Ohio-1900, ¶ 67 (2d Dist.). "A petition for postconviction relief does not provide a petitioner a second opportunity to litigate his or her conviction." *State v. Hobbs*, 2011-Ohio-5106, ¶ 17 (11th Dist.).

> The doctrine of *res judicata* establishes that 'a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal *from that judgment*, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.'

(Emphasis in original.) *State v. D'Ambrosio*, 1995-Ohio-129, ¶ 10, quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

{¶27} To overcome res judicata, a petitioner "must adduce evidence outside the record that demonstrates" the petitioner "could not have appealed the constitutional

Case No. 2025-T-0050

claims based upon information already in the record." *State v. Gatchel*, 2008-Ohio-1029, ¶ 35 (11th Dist.). Appellant must provide competent, relevant, and material evidence outside of the trial court record in support of a postconviction petition to prevent the claim from being dismissed on res judicata grounds. *State v. Lacy*, 2020-Ohio-1556, ¶ 26 (11th Dist.).

{¶28}  Where a petitioner raises the issue of ineffective assistance of counsel, "'the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.'" *State v. Miller*, 2020-Ohio-871, ¶ 9 (11th Dist.), quoting *State v. Jackson*, 64 Ohio St.2d 107 (1980), syllabus.

{¶29}  The trial court's one-page denial of Appellant's Motion for Re-Sentencing, while concise, did adequately apprise Appellant of the grounds for the judgment, and it enables this Court to properly determine the issues before it. *Calhoun*, 1999-Ohio-102, at ¶ 44.

{¶30}  The trial court found that Appellant had previously filed a direct appeal of its judgment and that this Court had affirmed that judgment. The trial court further found that Appellant could have raised the issues he asserted in his Motion for Re-Sentencing in his direct appeal. As a result, the trial court concluded that the issues Appellant raised in his Motion were res judicata.

{¶31}  We agree. Appellant's arguments about his void sentence pursuant to S.B. 2 deal with a sentencing law made effective July 1, 1996. Am.Sub.S.B. No. 2 ("S.B. 2"), 146 Ohio Laws, Part IV, 7136. Therefore, Appellant could have raised this issue in his direct appeal. Similarly, Appellant's ineffective assistance of counsel and prosecutorial

Case No. 2025-T-0050

misconduct claims both deal with assertions of collusion to induce him to enter a guilty plea, which could have been made on direct appeal. Next, Appellant's argument that the trial judge should have recused himself details how the trial court denied Appellant's mother's request for a special witness. Again, this issue could have been raised on direct appeal. Although Appellant has asserted civil rights violations, he merely claims that his allegations constitute a civil rights violation. Each of these claims could have been made on direct appeal and are therefore barred by res judicata. Finally, Appellant did raise issues relating to the trial court's determination that he was competent to stand trial in his direct appeal, and we found no error. *Zeigler*, 2024-Ohio-2953, at ¶ 23 (11th Dist.).

{¶32}   The trial court did not err in dismissing Appellant's Motion for Re-Sentencing on the basis that each of the claims were barred by res judicata.

{¶33}   Accordingly, Appellant's assignments of error are without merit.

{¶34}   For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.


ROBERT J. PATTON, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0050

# JUDGMENT ENTRY

For the reasons stated in the opinion of this Court, Appellant's assignments of error are without merit. It is the judgment and order of this Court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

JUDGE JOHN J. EKLUND

JUDGE ROBERT J. PATTON,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0050