OPINION
{¶ 1} Defendant-appellant, Vincent S. McCaleb ("McCaleb"), appeals from the judgment of the Lake County Court of Common Pleas, dismissing his petition for postconviction relief under R.C. 2953.21. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On April 26, 2002, McCaleb was indicted by the Lake County Grand Jury on the following charges: Felonious Assault, in violation of R.C. 2903.11(A)(1); Aggravated Burglary, in violation of R.C. 2911.11(A)(1); and Intimidation of a Victim in a Criminal Case, in violation of R.C. 2921.04(B). These charges stemmed from two separate incidents. The events culminating in the felonious assault charge occurred in the early morning of January 26, 2002, when McCaleb allegedly beat his girlfriend, Maureen Hickey ("Hickey"), over a period of several hours, causing severe injuries. The other charges resulted from another incident, which occurred on or around 12:00 a.m., on February 14, 2002, when McCaleb allegedly broke down Hickey's front door and began threatening Hickey and demanding that she tell police that someone else was responsible for the January 26 assault.
 {¶ 3} A two day trial by jury began on September 3, 2002, and McCaleb was subsequently convicted on all three counts. On October 4, 2002, the trial court sentenced McCaleb to seven years in prison for his felonious assault conviction, seven years for his aggravated burglary conviction, and two years for his intimidation of a victim conviction, to be served concurrently to each other, but consecutive to a sentence McCaleb was to serve in federal prison.
 {¶ 4} McCaleb timely filed a notice of appeal of his conviction and sentence with this court. On June 24, 2003, while his appeal was pending with this court, McCaleb also filed a petition for postconviction relief pursuant to R.C. 2953.21, alleging a denial of his constitutional rights, under the Sixth
and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 5} Attached to his initial petition for postconviction relief, were twenty-four exhibits of various types. In addition to two affidavits from McCaleb himself, he presented affidavits from Judy Gain ("Gain"), Michelle Antonori ("Antonori"), Karl Kennedy ("Kennedy"), and Tim Lenk ("Lenk"), which purported to show that McCaleb was elsewhere on the night the crimes in counts two and three were committed. McCaleb also presented various medical records from a period of time preceding the incident, documenting the problems with his lower back, and his own affidavit claiming that he was physically unable to perpetrate any of the crimes.
 {¶ 6} The petition also alleged ineffective assistance and unethical conduct by McCaleb's trial counsel, supporting these allegations with clippings of newspaper articles related to sanctions imposed for violations of campaign rules related to trial counsel's candidacy as an Ashtabula County Court of Common Pleas Judge, as well as McCaleb's own affidavit, which claimed that his trial counsel failed to investigate potential alibi witnesses, that he threatened to withdraw as counsel if a payment for services was not made, and that he refused to let McCaleb testify in his own defense.
 {¶ 7} Finally, McCaleb claimed that the jury selection process was unconstitutional, since he was black, and the jury was all white, and therefore, did not represent a fair cross-section of the community. In support of this allegation, McCaleb attached census data. McCaleb later was granted leave to amend his petition, attaching two additional medical charts to support his claim that he was physically unable to commit the crimes.
 {¶ 8} On September 2, 2003, the State of Ohio, filed a response brief and motion to dismiss McCaleb's petition. On December 12, 2003. the trial court, without a hearing, denied McCaleb's petition for postconviction relief, finding that "many of McCaleb's claims were barred by res judicata," and that the affidavits and other evidence submitted failed to establish a genuine issue as to any material fact that would provide grounds for an evidentiary hearing.
 {¶ 9} McCaleb now appeals, asserting two assigned errors:
 {¶ 10} "[1.] The trial court committed reversible error by denying petitioner-appellant's petition for post-conviction relief without conducting an evidentiary hearing, as mandated by R.C. 2953.21, and in violation of the Fifth, Sixth andFourteenth Amendments to the United States Constitution and Article I of the Ohio Constitution.
 {¶ 11} "[2.] The trial court committed reversible error by denying petitioner-appellant's petition for post-conviction relief on the basis of res judciata, thereby violating appellant's right to due process under the Fifth, Sixth andFourteenth Amendments to the United States Constitution and Article I of the Ohio Constitution."
 {¶ 12} Since McCaleb's assignments of error raise essentially the same arguments, they will be discussed together. In his second assignment of error, McCaleb claims that the trial court erred by finding that the following claims were barred by res judciata: (1) defense counsel's failure to investigate the case and call Antonori, Lenk, Gain and Kennedy as witnesses; (2) defense counsel's failure to investigate and present evidence of McCaleb's medical condition; (3) defense counsel's failure to permit McCaleb to testify on his own behalf; (4) defense counsel's "threats" to withdraw from the case; (5) defense counsel's allegedly unethical conduct at trial; and, (6) the constitutionality of the jury selection process.
 {¶ 13} In his first assignment of error, McCaleb argues that the trial court erred by denying his petition without a hearing, where the evidence dehors the record establishes sufficient grounds to warrant a hearing on the evidence. McCaleb again specifically challenges the effectiveness of his trial counsel's representation, due to defense counsel's alleged failures to present exculpatory evidence/alibi witnesses; to present exculpatory evidence on the issue of appellant's "disabling medical condition"; and to present exculpatory evidence regarding McCaleb's "surgery on the day of the alleged aggravated burglary."
 {¶ 14} R.C. 2953.21, provides, in relevant part, as follows:
 {¶ 15} "(A)(1)(a) Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit or other documentary evidence in support of the claim for relief.
 {¶ 16} "(C) * * * Before granting a hearing on a petition * * * the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, and supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * *
 {¶ 17} "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, even if a direct appeal of the case is pending. * * *"
 {¶ 18} "[A] postconviction relief proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." State v. Calhoun, 86 Ohio St.3d 279, 281,1996-Ohio-102. As such, a hearing is not always required when a petition for postconviction relief is filed. Id. at 282-283;State v. Cole (1982), 2 Ohio St.3d 112, 113; State v.Milanovich (1975), 42 Ohio St.2d 46, 50; State v. Pierce,
(1998), 127 Ohio App.3d 578, 585; State v. Worthy (May 30, 1997), 11th Dist. No. 96-P-0122, 1997 Ohio App. LEXIS 2370, at *5; State v. Jackson (1980), 64 Ohio St.2d, 107, 110. The test is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case. Jackson,64 Ohio St.2d at 110; State v. Strutton (1988),62 Ohio App.3d 248, at paragraph one of the syllabus; Worthy, 1997 Ohio App. LEXIS 2370, at *6. "If no such grounds exist, the trial court should dismiss the petition for post-conviction relief suasponte." Id. (citation omitted).
 {¶ 19} Furthermore, a petition for postconviction relief may be barred without hearing by the doctrine of res judicata, "where a petitioner could have raised issues in his petition at trial or on direct appeal." Pierce, 127 Ohio App.3d at 575, citingState v. Perry (1967), 10 Ohio St.2d 175, at paragraph one of the syllabus (emphasis added). This is particularly true where the petitioner obtained new counsel for their direct appeal and the claim of ineffective assistance could have been raised without resorting to evidence outside the record. Id. (citations omitted).
 {¶ 20} The record reveals that McCaleb retained new counsel for the purposes of filing his petition for postconviction relief and the same counsel represented him on appeal. This court ruled on McCaleb's appeal on November 5, 2004, after the issues related to this appeal were briefed by the parties, and affirmed McCaleb's convictions. State v. McCaleb, 11th Dist. No. 2002-L-157, 2004-Ohio-5940. Among the assigned errors addressed by this court was an exact duplication of McCaleb's issues raised herein, relating to ineffective assistance of counsel. McCaleb raised myriad arguments in support of his ineffective assistance of counsel claims. All of the arguments raised in McCaleb's motion for postconviction relief are duplicative of arguments raised on direct appeal. The trial court, in its judgment entry, explicitly stated that McCaleb's claims related to his counsel's alleged failure to call witnesses, to introduce potentially exonerating medical evidence, and to allow McCaleb to testify, were all raised on direct appeal. The lower court also concluded that the issue of the racial composition of the jury pool being "unconstitutional" was also raised and addressed on appeal, and therefore barred by res judicata.
 {¶ 21} Furthermore, none of McCaleb's arguments, even if they arguably had not been raised previously, are based on facts which were not known to him at the time of trial and prior to the filing of the appeal. State v. Coleman, 1st Dist. No. C-900811, 1993 Ohio App. LEXIS 1485, at *22 ("evidence de hors the record must be more than evidence which was in existence and available to the defendant at the time of trial and which could and should have been submitted at trial if the defendant wished to make use of it. Simply put, the purpose of postconviction proceedings is not to afford one convicted of a crime a chance to retry his case"). For example, counsel's alleged "unethical" conduct, relating to his candidacy for judicial office, the allegations that counsel threatened McCaleb with terminating representation if payment of $2,500 was not made, and McCaleb's allegations that counsel appeared late for hearings, were all based on facts which were known prior to filing of the appeal. Moreover, the letters from Hickey to McCaleb, referenced in McCaleb's motion for post-conviction relief, in which she claimed that she had lied about McCaleb being her assailant to get even with him, while not introduced at trial, were consistent with testimony Hickey gave at trial, and the jury had a chance to hear her testimony and judge her credibility. Accordingly, all of the arguments set forth in McCaleb's petition for postconviction relief have either been raised on direct appeal, or could have been raised, and are therefore barred by res judicata. Thus, a hearing was unnecessary.
 {¶ 22} We find McCaleb's first and second assignments of error are without merit and affirm the judgment of the Lake County Court of Common Pleas.
Ford, P.J., Rice, J., concur.