**[Cite as *State v. Anderson*, 2025-Ohio-3118.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2025-L-012** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| TERRY A. ANDERSON, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 001083 |

## OPINION AND JUDGMENT ENTRY

Decided: September 2, 2025
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Terry A. Anderson*, pro se, PID# A804-372, Belmont Correctional Institution, 68518 Bannock Road, P.O. Box 540, St. Clairsville, OH 43950 (Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Defendant-appellant, Terry A. Anderson ("Anderson"), appeals from the judgment of the Lake County Court of Common Pleas, denying his petition for postconviction relief without hearing.

{¶2} Anderson argues on appeal in five assignments of error that the trial court erred when it denied his petition and improperly concluded that the claims he raised in Anderson's petition were barred by the doctrine of res judicata.

{¶3} Upon review, we conclude that none of Anderson's assignments of error have merit. Thus, the trial court appropriately denied Anderson's petition without a hearing.

{¶4} Accordingly, the judgment of the Lake County Court of Common Pleas is affirmed.

## Substantive and Procedural Facts

{¶5} In March 2023, the Lake County Grand Jury indicted Anderson on five counts: (1) complicity to aggravated burglary, a first-degree felony, in violation of R.C. 2911.11(A)(1) and 2923.03(A)(2); (2) complicity to burglary, a second-degree felony, in violation of R.C. 2911.12(A)(1) and 2923.03(A)(2); (3) complicity to burglary, a second-degree felony, in violation of R.C. 2911.12(A)(2) and 2923.03(A)(2); (4) complicity to trespass in a habitation, a fourth-degree felony, in violation of R.C. 2911.12(B) and 2923.03(A)(2); and (5) complicity to petty theft, a first-degree misdemeanor, in violation of R.C. 2913.02(A)(1) and 2923.03(A)(2). The case proceeded to a jury trial where the jury convicted Anderson of all five charges.

{¶6} The trial court determined that the convictions merged for purposes of sentencing, and the State elected to proceed on Count 1, complicity to aggravated burglary. The trial court sentenced Anderson to serve an indefinite prison term of six to nine years and ordered him to pay $841.01 in restitution to the victims. Anderson appealed his conviction.

{¶7} On direct appeal, through appellate counsel, Anderson, asserted: "(1) the trial court violated his Sixth Amendment right to the effective assistance of counsel by failing to substitute assigned counsel; (2) his trial counsel was ineffective for failing to

object to three witnesses testifying via Zoom, a live video teleconferencing platform, and to a hearsay statement made by the investigating officer; and (3) the manifest weight of the evidence does not support the jury's verdict." *State v. Anderson*, 2024-Ohio-2505, ¶ 2 (11th Dist.). Anderson argued that his trial counsel was ineffective "by failing to object to the presentation of three witnesses via Zoom, which violated his Sixth Amendment right to confrontation of witnesses, and by failing to object to a hearsay statement made by another individual that was introduced through the testimony of Detective Gabriel Sleigh ("Det. Sleigh")." *Id.* at ¶ 44.

{¶8} This court previously set forth the facts of the underlying case in its opinion on Anderson's direct appeal:

> The state's case revealed that on the night of March 21, 2022, Mr. Anderson went to Ms. Provitt's two-bedroom apartment in Willoughby, Ohio. They met on a dating app and they "had hung out" approximately four or five times. Ms. Provitt's daughter, P.M., was staying with her stepmother and a friend who lived in her stepmother's apartment complex for the weekend. After a while, they went into Ms. Provitt's bedroom. At some point, Mr. Anderson left to go to the bathroom. Ms. Provitt left twice, to use the bathroom and to get a drink from the kitchen. On her second trip, she noticed the door to her daughter's room was ajar and the light was on. It had been closed with the lights off.
>
> Ms. Provitt pushed open the door and saw a man standing in her daughter's room. He was African American, tall, and wearing a gray sweatshirt. He was carrying a black bag. Ms. Provitt loudly yelled, "there's a man in my house," several times and told Mr. Anderson to call the police. The man pointed his fingers in the shape of a gun at her and told her to stay back. The apartment had two entrances, one in the living room and one in the kitchen. The man, who had taken off his shoes and left them in the kitchen, picked up his shoes and ran out the kitchen door. Ms. Provitt testified that both doors had been locked. She

found Mr. Anderson standing behind her bed in her bedroom.

Ms. Provitt called 911, reporting that a man had broke into her home and stole her Nintendo Switch (a handheld gaming system) and her keys, and her daughter's Microsoft Xbox gaming console and Apple MacBook Pro laptop computer. Her keys were later found in the parking lot of the apartment complex.

The first patrolman to arrive at the scene noticed a white charging cord laying on the ground inside the entrance way of the apartment, which Ms. Provitt later identified as her daughter's power cord to her MacBook Pro. The police were able to obtain the serial numbers for the Xbox and the Nintendo Switch because Ms. Provitt had the original boxes. The only information she had on the MacBook Pro was the bill of sale from Walmart that showed she purchased the laptop for $322.40.

Using cell phone data gathered from a subpoena to T-Mobile, the Willoughby police were able to discern that Mr. Anderson and his neighbor, Lavelle Smith ("Mr. Smith"), were in the Willoughby area during the incident. They were both in the area of their homes in Cleveland approximately two hours later.

From the records obtained from Microsoft and Charter Communications, the police discovered someone logged onto the internet with Ms. Provitt's Xbox from Mr. Anderson's apartment the night it was stolen. Shortly after, someone began logging onto the internet with Ms. Provitt's Xbox from Mr. Smith's apartment. The Willoughby police called Mr. Smith's federal probation officer and, during one of Mr. Smith's routine probation office visits, interviewed Mr. Smith. Several hours after the interview, Mr. Smith brought the Xbox to his probation officer's office, and the probation officer gave it to the Willoughby police.

Mr. Anderson was apprehended, and his interview with the police was played for the jury. In the interview, he admitted Ms. Provitt's Xbox had been in his apartment, informing the police it was a coincidence that his neighbor, Mr. Smith, had brought it over. He explained that he bought and sold electronics on the online marketplace OfferUp. From records provided by OfferUp, the officers were able

to identify a Nintendo Switch that looked like Ms. Provitt's on Mr. Anderson's OfferUp webpage; however, no serial number could be obtained. Mr. Anderson had posted it for sale and sold it on March 23, 2022, two days after the incident.

{¶9} After review of the record, this court determined Anderson's claims were meritless and affirmed Anderson's convictions. *Id*. at ¶ 76.[1]

{¶10} On December 10, 2024, Anderson filed a petition to vacate or set aside judgment of conviction or sentence pursuant to R.C. 2953.21 ("petition"). In his petition, Anderson alleged that his trial counsel was ineffective for failing to prepare and investigate. Specifically, Anderson claimed his counsel failed to present a receipt for a gaming console, failed to obtain the video interview of Mr. Smith, failed to present the testimony of Mr. Smith, failed to provide the court with "third party guilt instruction" and failed to go over discovery and discuss trial strategy with Anderson. Anderson did not attach any evidentiary materials to his petition because he alleged that he needed the assistance of "an attorney, investigator, psychologist expert witness to produce the evidence."

{¶11} Anderson attached an affidavit to his motion for the appointment of counsel, wherein he reasserted the allegations he raised in his petition. Anderson asserted that he gave his attorney a copy of the receipt from a pawn shop where he purchased a Nintendo Switch. Anderson claimed the evidence supported his innocence.

{¶12} The trial court denied Anderson's petition concluding his claims of ineffective assistance of counsel barred by res judicata. Specifically, the trial court determined "[Anderson] raised the issue of ineffective assistance of counsel in his direct

---

1. On February 14, 2025, the Supreme Court of Ohio declined to accept jurisdiction of the direct appeal.

Case No. 2025-L-012

appeal. He now claims additional reasons for why trial counsel was ineffective, but each of those reasons could have been raised in his direct appeal." Accordingly, the trial court found no substantive grounds for relief and denied the petition without a hearing.

{¶13} Anderson now timely appeals.

**The Appeal**

{¶14} Anderson raises five assignments of error for review:

> [1.] The trial court abused its discretion and erred in issuing inadequate and erroneous findings of fact and conclusions of law in dismissal of Anderson's petition for post-conviction relief.
>
> [2.] The trial judge erred in failing to grant the appellant an evidentiary hearing as is required by R.C. 2953.21(C).
>
> [3.] The trial court's denial of appellant's application for post conviction relief on ineffective assistance of counsel claim on res judicata was improper.
>
> [4.] Appellant was denied effective assistance of trial counsel when counsel failed to conduct proper pre-trial investigation and discovery, with the State.
>
> [5.] The trial court failed to specify what claims were barred by res judicata, and what portion of the files and records which establish [sic] the bar.

{¶15} As Anderson's assignments of error collectively challenge the trial court's denial of his petition for post-conviction relief, we will address them together.

{¶16} Ohio's postconviction relief statute, R.C. 2953.21, provides in relevant part:

> (A)(1)(a) A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:
>
> (i) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there

was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States;

. . .

(b) A petitioner under division (A)(1)(a) of this section may file a supporting affidavit and other documentary evidence in support of the claim for relief.

. . .

(D) . . .Before granting a hearing on a petition filed under division (A)(1)(a)(i). . .of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner. . .If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal of the petition and of each claim it contains.

. . .

(F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.

. . .

(H) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition.

{¶17} The burden is on the petitioner "to show via affidavits, the record, and other supporting materials that sufficient operative facts exist which, if true, would establish substantive grounds for postconviction relief." *State v. Hull*, 2020-Ohio-2895, ¶ 11 (11th Dist.), citing R.C. 2953.21(D). *See also State v. Beasley*, 2025-Ohio-1599, ¶ 33 (11th Dist.).

Case No. 2025-L-012

{¶18} "A petitioner seeking to challenge a conviction through a petition for postconviction relief is not entitled to a hearing." *Beasley* at ¶ 33, citing *State v. Calhoun*, 1999-Ohio-102, ¶ 13. "[W]here the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief" the trial court may deny a petition for postconviction relief without an evidentiary hearing *Id.,* quoting *Calhoun* at ¶ 42.

{¶19} R.C. 2953.21(C) mandates that a trial court must issue findings of fact and conclusions of law if the court dismisses a petition for postconviction relief. *See Calhoun* at ¶ 44. A trial court is not required to discuss every issue raised or "engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law." *Calhoun* at ¶ 45. "A trial court 'issues proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence.'" *Beasley* at ¶ 35, quoting *Calhoun* at ¶ 46.

{¶20} A trial court's denial of a postconviction petition is reviewed under an abuse of discretion standard. *State v. Gondor*, 2006-Ohio-6679, ¶ 45. "The trial court serves a gatekeeping function in the postconviction relief process and is 'entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted.'" *Beasley* at ¶ 36, quoting *Gondor* at ¶ 52.

Case No. 2025-L-012

{¶21} An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶22} It is well established that "[a] petition for postconviction relief does not provide a petitioner a second opportunity to litigate his or her conviction." *State v. Hobbs*, 2011-Ohio-5106, ¶ 17 (11th Dist.), citing *State v. Hessler*, 2002-Ohio-3321 ¶ 23 (10th Dist.). Indeed, "[t]he doctrine of res judicata establishes that 'a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal *from that judgment*, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.'" (Emphasis in original.) *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995), quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). A petitioner "must adduce evidence outside the record that demonstrates" the petitioner "could not have appealed the constitutional claims based upon information already in the record" to overcome res judicata. *State v. Gatchel*, 2008-Ohio-1029, ¶ 35 (11th Dist.).

{¶23} In other words, Anderson "must provide competent, relevant, and material evidence outside of the trial court record in support of a postconviction petition to prevent the claim from being dismissed on res judicata grounds." *Beasley*, 2025-Ohio-1599, at ¶ 38 (11th Dist.), citing *State v. Lacy*, 2020-Ohio-1556, ¶ 26 (11th Dist.).

{¶24} In a post-conviction petition wherein a petitioner raises an ineffective assistance of counsel claim, "'the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent

Case No. 2025-L-012

counsel and that the defense was prejudiced by counsel's ineffectiveness.'" *Id.* at ¶ 39, quoting *State v. Miller*, 2020-Ohio-871, ¶ 9 (11th Dist.), quoting *State v. Jackson*, 64 Ohio St.2d 107 (1980), syllabus.

{¶25} After reviewing Anderson's petition, his affidavit, and the response filed by the State, the trial court concluded that the claims raised in Anderson's petition were barred by res judicata. We agree.

{¶26} The Supreme Court of Ohio has held that "res judicata does not bar a postconviction ineffective-assistance-of-counsel claim when either (1) the petitioner had the same attorney at trial and on appeal or (2) he must rely on evidence outside the trial record to establish his claim for relief. *State v. Cole*, 2 Ohio St.3d 112, 113-114, 443 N.E.2d 169 (1982). The converse is that when the petitioner had a new attorney on appeal and the claim could have been litigated based on the trial record, res judicata applies and the postconviction claim is barred. *Id.*" *State v. Blanton*, 2022-Ohio-3985, ¶ 2.

{¶27} Anderson was represented by new counsel on direct appeal. Anderson's claims in his petition rely on facts and evidence that were part of the record in Anderson's direct appeal. Therefore, these issues could have been fully raised and litigated on direct appeal. Indeed, Anderson lodged an ineffective assistance of counsel claim on direct appeal but did not raise the issues he now presents. Anderson did not include any material from outside of the trial court record to demonstrate that he could not have made these arguments in his direct appeal. By Anderson's own statements, his claims are based on facts which were known to him during the proceedings, at the time of trial, and certainly, before the filing of his direct appeal. *State v. McCaleb*, 2005-Ohio-4038, ¶ 21 (11th Dist.), citing *State v. Coleman*, 1993 WL 74756, *22 (1st Dist. Mar. 17, 1993)

Case No. 2025-L-012

("[E]vidence *de hors* the record must be more than evidence which was in existence and available to the defendant at the time of trial and which could and should have been submitted at trial if the defendant wished to make use of it. Simply put, the purpose of postconviction proceedings is not to afford one convicted of a crime a chance to retry his case.").

{¶28} Anderson did not provide competent, relevant, and material evidence outside of the trial court record in support of his postconviction petition to overcome the application of res judicata. Thus, Anderson's claims are barred by res judicata. The trial court did not abuse its discretion when it denied the petition on these grounds.

{¶29} Anderson also asserts that the trial court's findings of fact and conclusions of law were inadequate and that the trial court failed to specify which claims were barred by res judicata. We disagree. The trial court determined res judicata barred each of the claims raised in Anderson's petition. The trial court's findings were "comprehensive and pertinent to the issues presented," "demonstrate[d] the basis for the decision by the trial court," and "supported by the evidence." *Beasley,* 2025-Ohio-1599, at ¶ 35 (11th Dist.), quoting *Calhoun,* 1999-Ohio-102, at ¶ 46. Therefore, the trial court's findings were sufficient.

{¶30} Because the trial court concluded that Anderson failed to set forth sufficient operative facts to establish substantive grounds for relief, the trial court did not err or otherwise abuse its discretion when it denied Anderson's petition without a hearing.

{¶31} Accordingly, Anderson's five assignments of error are without merit.

Case No. 2025-L-012

## Conclusion

{¶32} None of Anderson's assignments of error are meritorious; therefore, the judgment of the Lake County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-012

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit.  It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-012