[Cite as *State v. Harvey*, 2025-Ohio-5475.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-T-0008 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DOMINIC MICHAEL HARVEY, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00582 |

## OPINION AND JUDGMENT ENTRY

Decided: December 8, 2025
Judgment: Affirmed

*Dennis Watkins,* Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Russell S. Bensing,* 377B Lear Road, Suite 121, Avon Lake, OH 44012 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1}   Appellant, Dominic Michael Harvey ("Harvey"), appeals the decision of the Trumbull County Court of Common Pleas denying his petition for postconviction relief. For the following reasons, we affirm the trial court's decision.

{¶2}   Harvey's appeal stems from his convictions for Aggravated Murder with a Firearm Specification, Attempted Murder with a Firearm Specification, Tampering with Evidence, and Receiving Stolen Property. Harvey pleaded guilty to all counts of an amended indictment, and in exchange, the State agreed to dismiss the Aggravating Circumstances Specification, eliminating the possibility of the death penalty. Harvey was

sentenced to 50 to 55 1/2 years to life in prison in December 2023. The following December 2024, Harvey filed a pro se petition for postconviction relief with the trial court. The trial court denied Harvey's petition several months later, in February 2025. Harvey appealed the trial court's decision in March 2025.

{¶3} After a thorough review of the record and pertinent law, we conclude that the trial court did not abuse its discretion when it denied Harvey's petition for postconviction relief. Harvey's petition in the trial court asserted ineffective assistance of counsel, yet it did not provide material evidence outside of the record that was not available for use at the time of trial. Accordingly, it was proper for the trial court to deny his request.

**Substantive and Procedural Facts**

{¶4} Harvey was convicted of: Aggravated Murder with Firearm Specification in violation of R.C. 2903.01(A) and (G), R.C. 2941.145, and R.C. 2941.146 ("Count One"); Attempted Aggravated Murder with Firearm Specification in violation of R.C. 2923.02(A) and (E)(1), R.C. 2941.145, and R.C. 2941.146 ("Count Two"); Tampering with Evidence in violation of R.C. 2921.12(A)(1) and (B) ("Count Three"); and Receiving Stolen Property in violation of R.C. 2913.51(A) and (C) ("Count Four"). Harvey was initially indicted on Counts One through Four with an Aggravating Circumstances Specification on July 27, 2022. Harvey pleaded guilty to all counts of an amended indictment on December 13, 2023. In exchange for his guilty plea, the State dismissed the Aggravating Circumstances Specification. The sentencing hearing was held on the same day. Harvey waived a presentence investigation. A jointly recommended sentence of 50 to 55 1/2 years to life

was imposed. The trial court's judgment entry, reflecting that Harvey was sentenced to the recommended amount, was filed on December 21, 2023.

{¶5} On December 19, 2023, six days after his hearing on sentencing, Harvey requested to withdraw his guilty plea.[1] The request was denied in an entry filed on January 4, 2024. Harvey filed a pro se petition for postconviction relief on December 9, 2024. The petition was denied by the trial court on February 13, 2025. In its judgment entry, the trial court noted that "[Harvey's] sole claim [is] that he was denied effective assistance of counsel. . . . [Harvey] has not submitted any documentation with his petition to support his claim. . . . [Harvey] states that his attorney 'pressured' him into pleading guilty."

{¶6} Harvey appealed the trial court's denial of his petition for postconviction relief to this court on March 6, 2025. Harvey did not at any time file a direct appeal of his conviction.

## Assignment of Error

{¶7} On appeal, Harvey asserts one assignment of error:

{¶8} "[1.] The trial court erred in denying Defendant's Petition for Post-Conviction Relief without a hearing."

## Standard of Review and Relevant Law

{¶9} A trial court's denial of a postconviction petition is reviewed under an abuse of discretion standard. *State v. Gondor*, 2006-Ohio-6679, ¶ 45. "The trial court serves a gatekeeping function in the postconviction relief process and is 'entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the

---

1. At oral argument, the State noted that the trial court's docket does not reflect that Harvey filed a motion to withdraw his guilty plea, but that the denial of his request was entered on January 4, 2024. The record on appeal, however, includes a handwritten letter from Harvey dated December 19, 2023, requesting to withdraw his plea. The letter does not include a docket number nor is it time stamped.

Case No. 2025-T-0008

petitioner and the credibility of the affidavits submitted.'" *State v. Beasley*, 2025-Ohio-1599, ¶ 36 (11th Dist.), quoting *Gondor* at ¶ 52. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). Accordingly, we review the trial court's decision to deny Harvey's petition for postconviction relief for an abuse of discretion.

{¶10} Postconviction relief is not an appeal of a conviction, but a collateral attack on the judgment. *State v. Calhoun*, 1999-Ohio-102, ¶ 10, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). A petition for postconviction relief is not a second opportunity to litigate the petitioner's conviction. *State v. Anderson*, 2025-Ohio-3118, ¶ 22 (11th Dist.), quoting *State v. Hobbs*, 2011-Ohio-5106, ¶ 17 (11th Dist.), citing *State v. Hessler*, 2002-Ohio-3321, ¶ 23 (10th Dist.). "The doctrine of res judicata establishes that 'a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal *from that judgment*, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.'" (Emphasis in original.) *State v. D'Ambrosio*, 1995-Ohio-129, ¶ 10, quoting *State v. Perry*, 10 Ohio St.2d 175,180 (1967). "A petitioner 'must adduce evidence outside the record that demonstrates' the petitioner 'could not have appealed the constitutional claims based upon information already in the record' to overcome res judicata." *Anderson* at ¶ 22, quoting *State v. Gatchel*, 2008-Ohio-1029, ¶ 35 (11th Dist.). Further, "'[f]or a defendant to avoid dismissal of the petition by res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court's

Case No. 2025-T-0008

record, and it must not be evidence that existed or was available for use at the time of trial.'" *Gatchel* at ¶ 28, quoting *State v. Adams*, 2005-Ohio-348, ¶ 39 (11th Dist.). In other words, Harvey was required to demonstrate in his petition to the trial court that evidence outside the record existed that was not available at the time of trial entitling him to postconviction relief, to overcome res judicata.

{¶11} A claim of ineffective assistance of counsel is likewise barred by res judicata unless the defendant produces evidence outside of the trial record to establish their claim.

> The doctrine of res judicata bars someone from raising a claim that could have been raised and litigated in a prior proceeding. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). So a court reviewing a postconviction-relief petition generally may not decide a claim that could have been presented at trial and raised on direct appeal. *Id.* There's a twist when it comes to claims of ineffective assistance of counsel. We have held that res judicata does not bar a postconviction ineffective-assistance-of-counsel claim when either (1) the petitioner had the same attorney at trial and on appeal or (2) he must rely on evidence outside the trial record to establish his claim for relief. *State v. Cole*, 2 Ohio St.3d 112, 113-114, 443 N.E.2d 169 (1982). The converse is that when the petitioner had a new attorney on appeal and the claim could have been litigated based on the trial record, res judicata applies and the postconviction claim is barred. *Id.*

*State v. Blanton*, 2022-Ohio-3985, ¶ 2.

**Analysis**

{¶12} In his sole assignment of error, Harvey asserts that the trial court erred in denying his petition for postconviction relief without a hearing. Harvey further asserts that he was denied effective assistance of counsel, therefore denying him his constitutional rights.

{¶13} R.C. 2953.21 governs post-conviction relief, and provides in relevant part:

> (A)(1)(a) A person in any of the following categories may file a petition in the court that imposed sentence, stating the

Case No. 2025-T-0008

grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:

(i)Any person who has been convicted of a criminal offense or adjudicated a delinquent child who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States;

. . .

(D) Before granting a hearing on a petition filed under division (A)(1)(a)(i), (ii), or (iv) of this section, the court shall determine whether there are substantive grounds for relief.

. . .

(F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.

. . .

(H) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition.

{¶14} The statute indicates that a defendant is not automatically entitled to a hearing when requesting postconviction relief. *Calhoun*, 1999-Ohio-102, ¶ 13. Before granting a hearing, the trial court must first determine if there are substantive grounds for relief. *Id.*

{¶15} The trial court noted in its judgment entry denying Harvey's request that, "[b]efore a hearing will be granted for a post-conviction petition based on alleged ineffective assistance of counsel, petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. [Harvey] has

not submitted any documentation with his petition to support his claim." Attached to Harvey's petition were what he described as investigative police reports containing information that Harvey claims would negate the aggravating circumstance specification. Specifically, Harvey asserts that the reports indicate he was using self-defense and so there could not have been prior calculation and design. Harvey asserted, in his petition, that his trial counsel was ineffective because "[a] practicing attorney cannot allow her client to plead guilty to an offense that the evidence shows he is not guilty. . . ." However, such reports would have been available to both defense counsel and the prosecution at the time of trial. "'When a defendant enters a guilty plea, he waives a claim of ineffective assistance of counsel except to the extent that ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary.'" *State v. Hoyga*, 2024-Ohio-639, ¶ 23 (11th Dist.), quoting *State v. Hatcher*, 2023-Ohio-3884, ¶ 24 (8th Dist.); *State v. Brown*, 2023-Ohio-2540, ¶ 9 (11th Dist.). Harvey did not file a direct appeal, and when he filed his petition for post-conviction relief, he did not include evidence that could not have been known at the time of trial within his petition to demonstrate he was entitled to relief. Accordingly, Harvey's claim is barred by res judicata, and the trial court properly determined that there were no substantive grounds for relief in Harvey's petition. A hearing was not required.

{¶16} Harvey pleaded guilty to all counts of the amended indictment. As noted by the trial court in its judgment entry and contained in its findings of facts and conclusions of law:

> "[w]hen the Court asked about the plea form and joint recommended sentence, [defense counsel] stated:

Case No. 2025-T-0008

'This matter has been fully pre-tried, discovery has been exchanged between the State of Ohio and defense counsel, and fully and thoroughly reviewed by my client retained by him. We have had the opportunity to discuss at length the rights he is giving up today by entering this [guilty] plea; that there will not be a trial. I do believe that he fully understands those rights and will withdraw his former plea of not guilty and enter a plea of guilty to the Amended Indictment removing the death specification, knowingly, voluntarily, and intelligently, Your Honor.'

The trial court went on to address Harvey directly regarding the rights he was giving up by entering a guilty plea. Harvey acknowledged to the trial court that he understood. Harvey further indicated to the trial court that he was satisfied with his counsel.

{¶17} As Harvey has not produced evidence outside of the record that could not have been adduced at the time of trial, and Harvey did not file a direct appeal of his conviction, his claim is barred by res judicata. Harvey did not meet his burden, and accordingly, the trial court did not abuse its discretion and properly denied Harvey's petition. Harvey's sole assignment of error is without merit.

{¶18} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0008

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

PRESIDING JUDGE ROBERT J. PATTON

JUDGE MATT LYNCH,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0008