[Cite as *State v. Appenzeller*, 2026-Ohio-783.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-L-084 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| RUSSELL E. APPENZELLER, | Trial Court No. 2006 CR 000108 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: March 9, 2026
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Russell E. Appenzeller*, pro se, PID# A514-991, Richland Correctional Institution, P.O. Box 8107, 1001 Olivesburg Road, Mansfield, OH 44901 (Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Russell E. Appenzeller, appeals the judgment denying his request to vacate his convictions. We affirm.

{¶2} In 2006, Appenzeller was convicted on multiple charges. On direct appeal, this court reversed the judgment in part and remanded the matter for resentencing. *State v. Appenzeller*, 2008-Ohio-7005, ¶ 124 (11th Dist.).

{¶3} Following resentencing, Appenzeller appealed. This court affirmed the resentencing entry. *State v. Appenzeller*, 2009-Ohio-6384, ¶ 21 (11th Dist.).

{¶4} Thereafter, Appenzeller filed numerous petitions and other requests in the trial court, which were denied. *See, e.g., State v. Appenzeller*, 2008-Ohio-6982, ¶ 5, 52 (11th Dist.) (affirming denial of petition for postconviction relief).

{¶5} In 2025, Appenzeller sent a letter to the trial court that he requested be construed as a motion to vacate his convictions as void for lack of personal jurisdiction. In support, Appenzeller maintained that "the 'Plaintiff Party' a.k.a. the 'State of Ohio' in the above referenced case of which [the trial court] personally, deceptively and fraudulently prosecuted without a 'Plaintiff Party' existing against [Appenzeller] ab initio according to the face of the Docket Record." As attachments to the letter, Appenzeller included docket sheet printouts labeled "Summary" and "Detail." It appears that Appenzeller's contention is that, because the Clerk of Courts did not list the State of Ohio as a "Party" in the appropriate fields on these forms, the trial court did not have personal jurisdiction.

{¶6} The State responded to the letter, contending that Appenzeller's claim was meritless and barred by res judicata.

{¶7} On June 11, 2025, the trial court issued a judgment entry denying Appenzeller's request to vacate his conviction, reasoning the request was barred by res judicata.

{¶8} On appeal, Appenzeller assigns one error for our review:

> The Trial Court erred to the prejudice of the Defendant-Appellant in overruling Appellant's Motion To Vacate The Void Judgments Of Conviction And Sentence against him on grounds of res judicata.

{¶9} Appenzeller maintains that his conviction is void for lack of personal jurisdiction.

Case No. 2025-L-084

{¶10} A court has inherent authority to vacate a void judgment. *State v. Mitchell*, 2020-Ohio-3417, ¶ 35 (11th Dist.). "A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *State v. Henderson*, 2020-Ohio-4784, ¶ 27. "Personal jurisdiction refers to the court's power to render a valid judgment against a particular individual. In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." (Citation omitted.) *Id.* at ¶ 36. "A defendant also submits to the court's jurisdiction if he does not object to the court's exercise of jurisdiction over him." (Citation omitted.) *Id.* "'Personal jurisdiction is a question of law that appellate courts review de novo.'" *Jones v. Jones*, 2023-Ohio-989, ¶ 11 (11th Dist. 2023), quoting *Kauffman Racing Equip., L.L.C. v. Roberts*, 2010-Ohio-2551, ¶ 27.

{¶11} Here, Appenzeller argues that the clerk's failure to name a plaintiff on the docket forms deprived the trial court of personal jurisdiction. However, we can discern no connection between the clerk's actions with respect to completion of form fields and personal jurisdiction. Accordingly, Appenzeller has not demonstrated that his convictions are void.

{¶12} Further, if Appenzeller's letter were construed as a petition for postconviction relief under R.C. 2953.21, it is untimely. *See State v. Schlee*, 2008-Ohio-545, ¶ 12 ("Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged."). Generally, a petition for postconviction relief must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction . . . ." R.C. 2953.21(A)(2)(a). "[A] court may not entertain a

petition filed after the expiration of the period prescribed" unless R.C. 2953.23(A)(1) or 2953.23(A)(2) applies. R.C. 2953.23(A)(1) allows for a late or successive filing when both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . . .

{¶13} Division R.C. 2953.23(A)(2) permits a late or successive filing when:

> The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

{¶14} "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36. "'[T]he question whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely [or successive]

Case No. 2025-L-084

petition for postconviction relief is a question of law, which appellate courts review de novo.'" *Id.* at ¶ 24, quoting *State v. Kane*, 2017-Ohio-7838, ¶ 9 (10th Dist.).

{¶15} Here, nearly 20 years have elapsed since Appenzeller's convictions, and he has previously filed petitions for postconviction relief. He has set forth no argument that would satisfy the requirements for consideration of an untimely or successive petition for postconviction relief under R.C. 2953.23(A).

{¶16} Last, even were consideration of Appenzeller's petition not barred by R.C. 2953.23(A), he does not dispute that he could have previously raised the argument at issue. A trial court may apply res judicata to bar consideration of challenges that a defendant could have previously raised on direct appeal or in a prior postconviction petition. *State v. Harvey*, 2025-Ohio-5475, ¶ 10 (11th Dist.); *State v. Miller*, 2025-Ohio-4639, ¶ 13 (11th Dist.).

{¶17} In this case, Appenzeller previously raised the same issue addressed in his present motion in a postconviction petition filed on August 25, 2014, which the trial court dismissed as a successive petition that did not meet the statutory requirements of R.C. 2953.23(A). Although res judicata does not apply to void judgments, as discussed above, the present challenge does not implicate the jurisdiction of the trial court so as to render its judgment void. *See Henderson*, 2020-Ohio-4784, at ¶ 19.

Case No. 2025-L-084

{¶18}   For the foregoing reasons, the trial court did not err in denying Appenzeller's motion, and Appenzeller's sole assigned error lacks merit.

{¶19}   Accordingly, the judgment is affirmed.


MATT LYNCH, P.J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-L-084

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's sole assignment of error lacks merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI


_____
PRESIDING JUDGE MATT LYNCH,
concurs


_____
JUDGE ROBERT J. PATTON,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-084